```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HENRY KRAWCZYK

                Plaintiff,        1:17-cv-01311-MAT
        -v-                       DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____
```

## INTRODUCTION

Michael Henry Krawczyk ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On January 17, 2012 and May 9, 2012, Plaintiff protectively filed applications for DIB and SSI, respectively, alleging disability as of April 1, 2006, due to bipolar disorder with

psychotic features and other mental illnesses. Administrative Transcript ("T.") 177-82. The claims were initially denied on August 20, 2012. T. 79. At Plaintiff's request, a hearing was conducted on December 3, 2013, in Buffalo, New York by administrative law judge Eric L. Glazer ("the ALJ"), with Plaintiff appearing with his attorney. T. 33-76. The ALJ issued an unfavorable decision on March 5, 2014. T. 6-20. Plaintiff appealed the decision to the Appeals Council, which denied his request for review on February 10, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-4. Plaintiff instituted a civil action in this Court, and on May 17, 2016, this Court remanded the claim for further administrative proceedings. *See Krawczyk v. Colvin*, No. 1:15-CV-00319(MAT), T. 580-95.

On remand, the Appeals Council vacated the ALJ's decision and remanded the matter for further consideration and development. T. 576-78.

On July 18, 2017, Plaintiff appeared with his attorney and testified at a second hearing before the ALJ in Buffalo, New York. T. 552-75. An impartial vocational expert ("VE") also testified. The ALJ issued an unfavorable decision on October 13, 2017. T. 529-44. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's decision. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2014. T. 535.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date.[1] T. 535. Although Plaintiff had worked on a part-time basis since the onset date, the ALJ found this work activity did not rise to the level of substantial gainful activity. *Id.*

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: lumbar spondylosis post-closed multilevel lumbar fractures; bipolar disorder; substance-induced psychosis; and current and continuous polysubstance abuse disorder. T. 535. The ALJ also noted Plaintiff has sought treatment for asthma, hypertension, high cholesterol, a left rotator cuff tear, and left knee pain. Based on his review of the medical evidence, the ALJ found each of these impairments to be non-severe. T. 536. The ALJ further found that while Plaintiff had sought treatment for

---

[1] The original Disability Report dated May 9, 2012, indicates Plaintiff's onset date was January 1, 2009. T. 177. The ALJ's statement the alleged onset date was January 1, 2008 has no consequence on the Court's analysis of the case.

3

a shoulder injury, that impairment had not yet met the twelve-month duration requirement to be considered a severe impairment. Accordingly, the ALJ found Plaintiff's right shoulder injury was non-severe. Similarly, Plaintiff's treatment for pancreatitis and hepatitis did not exceed twelve months and therefore were non-severe. *Id.*

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 537.

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with the following additional limitations: can lift, carry, push, and pull up to twenty pounds occasionally and up to ten pounds frequently; occasionally reach overhead to the left and the right, frequently reach in all other directions to the left and to the right; occasionally climb ramps and stairs, and occasionally stoop; never crawl or climb ropes, ladders, or scaffolds; never balance; never repetitively stoop, kneel, or crouch; incidentally (1/6 of a shift) kneel or crouch; never work in or around unprotected heights or moving mechanical parts; never handle, sell, or prepare controlled narcotic substances or alcoholic beverages; frequently respond appropriately to supervisors; have no more than incidental contact

4

with co-workers or the general public as necessary to perform assigned work; however, visible or audible contact at all other times is permissible-that is, Plaintiff may be able to see or hear co-workers but no meaningful interaction is required; and Plaintiff may be absent from the workplace once per month for a two-hour interval to accommodate pre-arranged behavioral health treatment appointments, including vicinity travel to and from the worksite. T. 538-39.

At step four, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work. T. 542. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of: sorter, mail clerk, and cleaner. T. 543. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 544.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence"

in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ did not comply with the Court's remand order to obtain a medical opinion from Dr. Matthew Bennett; and (2) the ALJ erred by not evaluating the opinion of Certified Physician Assistant ("PA-C") Kyle Switzer. For the reasons discussed below, the Court agrees that the ALJ failed to comply with the previous remand order and therefore finds that remand of this matter for further administrative proceedings is required.

6

## I. Failure to Comply with Court's Remand Order (Plaintiff's First Argument)

In its previous Decision and Order, this Court directed the ALJ to contact Plaintiff's primary care physician, Dr. Matthew Bennett, for a physical RFC assessment. *See* T. 594 (Decision and Order at 15 in *Krawczyk v. Colvin*, No. 1:15-CV-00319(MAT) (W.D.N.Y. May 17, 2016); *see also* T. 592 (directing the ALJ to "contact Plaintiff's primary treating physician for a physical RFC assessment"). The Court gave this directive in light of the ALJ's step-two finding that none of Plaintiff's physical impairments were severe, notwithstanding the fact that the record contained repeated references to Plaintiff's treatment for various physical issues. T. 592. The Court accordingly found that there was a "gap" in the record. T. 593.

On remand, the Appeals Council vacated the Commissioner's final decision and

> remand[ed] this case to an [ALJ] for further proceedings consistent with the order of the [district] court. In compliance with the above, the [ALJ] will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision.

T. 578.

On remand, however, the ALJ did not obtain a physical RFC assessment from Dr. Bennett, nor did he request that Plaintiff be examined by a consultative physician. The ALJ did not provide any explanation for failing to request an RFC assessment from Dr.

7

Bennett or for declining to order a consultative physical examination. However, the ALJ did obtain over six hundred pages of updated medical records and treatment notes. *See* T. 723-1384.

Plaintiff contends that the ALJ's failure to obtain Dr. Bennett's medical opinion represented a violation of this Court's remand order and constitutes reversible error. Plaintiff argues that by crafting a physical RFC assessment in the absence of a medical opinion, the ALJ improperly "played doctor." Plaintiff maintains that a gap still exists in the record and that an opinion from a medical expert is required to fill it. The Commissioner counters that the updated records obtained by the ALJ effectively closed any gap in the record and provided substantial evidence to support the RFC assessment. The Commissioner also points out that, as Plaintiff testified at the second administrative hearing, Dr. Bennett was convicted on federal charges of illegally selling prescriptions to his patients. T. 44; *see USA v. Bennett*, 1:12-cr-00279-HBS (W.D.N.Y. Nov. 2, 2015). The Commissioner reasons that any opinion obtained from Dr. Bennett would be inherently unreliable and properly rejected by the ALJ.

As an initial matter, the Court rejects the Commissioner's argument regarding Dr. Bennett's conviction because the ALJ did not rely on this reason for declining to contact Dr. Bennett. As such, it constitutes a *post hoc* rationalization for agency action not apparent from the face of the ALJ's decision which this Court may

8

not accept. *E.g.*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (citing *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)).

The Commissioner has not addressed the line of cases cited by Plaintiff for the proposition that the remand instructions received by ALJs from district courts are the law of the case. Indeed, "[c]ourts in the Second Circuit have regularly acknowledged that remand instructions to an ALJ from a federal district court in Social Security cases constitute the law of the case." *Bradley v. Colvin*, 110 F. Supp.3d 429, 441 (E.D.N.Y. 2015) (citing *Gladle v. Astrue*, No. 12 CV 284, 2013 WL 4543147, at *3 (N.D.N.Y. Aug. 27, 2013); *Calderon v. Astrue*, 683 F. Supp. 2d 273, 276–77 (E.D.N.Y. 2010)); *see also Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1217 (C.D. Cal. 2005) (citing *Holst v. Bowen*, 637 F. Supp. 145, 147 n. 3 (E.D. Wash. 1986); *Ozbun v. Callahan*, 968 F. Supp. 478, 480 (S.D. Iowa 1997); *Hillhouse v. Harris*, 547 F. Supp. 88, 92 (W.D. Ark. 1982)). District courts have also applied the so-called "rule of mandate" in the Social Security context. *E.g.*, *Ischay*, 383 F. Supp. 2d at 1214. The rule of mandate, which "presents a specific and more binding variant of the law of the case doctrine[,]" *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 949 (C.D. Cal. 1996), "requires that, on remand, the lower court's actions must be consistent with both the letter *and the spirit* of the higher court's decision." *Ischay*, 383 F. Supp. 2d at 1214 (citing

*Quern v. Jordan*, 440 U.S. 332, 347 n. 18 (1979)(looking to whether post-mandate conduct of the lower court was consistent "with either the spirit or the express terms of our decision"); emphasis in original).

Furthermore, the Supreme Court has spoken directly on the scope of issues to be addressed by an ALJ pursuant to a district court's order remanding the case:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

*Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) (citations omitted). Here, the ALJ clearly deviated from both the letter and the spirit of the Court's remand order by failing to obtain *any* opinion from an acceptable medical source regarding Plaintiff's physical RFC.

The Commissioner alternatively argues that the Court is bound to affirm the ALJ's decision because the record, as newly supplemented on remand, supplied substantial evidence for the RFC assessment. This ignores the Second Circuit's repeated caution that "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an

unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *accord Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). While remand is unnecessary where "application of the correct legal standard could lead to only one conclusion," *Schaal*, 134 F.3d at 504 (citation omitted), the Court cannot say this is such a case. Notably, the record as supplemented indicates that Plaintiff sustained a new back injury in 2016, when he was struck by a vehicle as he was walking down the street. *See* T. 736-43 (noting transverse process fractures at L1 to L4). The new records thus provide a further basis for the need to obtain a type of medical opinion regarding Plaintiff's physical limitations.

**II. ALJ's Failure to Consider the Mental RFC Opinion by Treating Physician Assistant (Plaintiff's Second Argument)**

Plaintiff also contends that the ALJ improperly failed to consider or weigh the July 17, 2017 Treating Medical Source Statement (Mental) completed by physician's assistant Kyle Switzer, PA-C. T. 1380-84. PA-C Switzer is not an "acceptable medical source," but instead is an "other source." *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2) (2017). However, the fact that PA-C Switzer is not an "acceptable medical source" does not provide the ALJ with license to simply disregard his opinion. The Commissioner's policy ruling, SSR 06-03p, recognizes that information supplied by "other sources" "may be based on special

11

knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). Where the weight given is not explained, the ALJ should "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." *Id*. In addition, the Court notes that clarification is required from PA-C Switzer as to the dates that he treated Plaintiff, as it is ambiguous on the form he completed. The ALJ's failure to consider PA-C Switzer's opinion, and the need to obtain clarification regarding the length of time he treated Plaintiff, provide additional grounds for remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order. In particular, the ALJ is directed to obtain an opinion regarding Plaintiff's physical RFC, either from an acceptable medical source who has treated Plaintiff, or from a consultative physician after an in-person examination of Plaintiff. The ALJ is also directed to review the opinion from PA-C Switzer using the applicable regulatory principles and to obtain clarification from

PA-C Switzer regarding his dates of treatment of Plaintiff. The Commissioner's motion is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   January 17, 2019
         Rochester, New York